Gayle I. Jenkins (SBN: 168962)
gjenkins@winston.com
Megan L. Whipp (SBN: 319182)
mwhipp@winston.com
**WINSTON & STRAWN LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

Lazaro Fernandez, Jr. (*pro hac vice*)
lfernandez@stackfernandez.com
**STACK FERNANDEZ & HARRIS, P.A.**
1001 Brickell Bay Drive, Suite 2650
Miami, Florida 33131
Telephone:  (305) 371-0001

Attorneys for Defendant
ALASKA AIRLINES, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA DURKEE, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALASKA AIRLINES, INC.,<br><br>Defendant. | **Case No. 19-CV-01071 AJB JLB**<br><br>Hon. Anthony J. Battaglia<br>Courtroom 4A<br><br>**DEFENDANT ALASKA AIRLINES, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Complaint filed:  June 7, 2019<br>Trial Date:  None |

Defendant Alaska Airlines, Inc. ("Defendant") respectfully submits this notice of supplemental authorities in support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 19), attaching (1) the recent decision by Judge Middlebrooks denying plaintiff's motion for class certification in *Donoff v. Delta*, Case No. 18-cv-81258 DMM (S.D. Fla. Jan. 24, 2020) (ECF No. 224) ("Order on Motion for Class Certification") (hereafter "*Donoff* Order") (a true and correct copy of the decision is attached as **Exhibit A**) and (2) the recent decision by Judge Rodolfo Ruiz granting defendant's motion for summary judgment as to Count IV of the complaint in *Roman v. Spirit Airlines, Inc.*, Case No. 19-cv-61461 RAR (S.D. Fla. Jan. 14, 2020) (ECF No. 44) ("Order Granting Motion for Summary Judgment") (hereafter "*Roman* Order") (a true and correct copy of the decision is attached as **Exhibit B**).

The plaintiff in *Donoff*, who brought putative consumer class action claims arising out of the purchase of travel insurance in an airline booking path like Plaintiffs' claims advanced here, sought certification of Florida-only FDUTPA and unjust enrichment classes.[1]  Judge Middlebrooks denied the plaintiff's motion for multiple, independent reasons, finding that the plaintiff failed to establish numerosity, adequacy, or predominance.  In reaching its decision, the court found "significant flaws with Plaintiff's theory of his case." *Donoff* Order at 15. The court concluded that "'pass-through' measure of damages should not be applied to this case," explaining that "while the trip insurance is sold on Defendant's website, the fees are collected directly by the insurance provider. The insurance provider then remits a portion, albeit a significant portion, of the fees to Defendant…. [And] Defendant never makes any representation regarding whether it is being compensated by the trip insurance provider." *Id.*  The court further held that the plaintiff "would need to show that but-for Defendant obtaining a portion of the trip insurance proceeds, he (and putative class members)

---

[1] Judge Middlebrooks had previously dismissed the plaintiff's claims based on supposed regulatory violations, as had Judge Scola in an identical action involving JetBlue Airways. *See Dolan v. JetBlue Airways*, 18-cv-62193 (S.D. Fla. May 29, 2019) (ECF 87) (Ord. Granting in Part and Denying in Part Mot. to Dismiss).

1

would have been able to secure trip insurance at a lower rate." *Id.* at 16.

The *Donoff* Order is relevant to Alaska's arguments in Section IV.C of its motion dismiss. First, Alaska, much like Delta, made no representation regarding whether it was compensated for the travel insurance. The policies are purchased directly from the third-party insurer as a price Plaintiff agreed to pay, and Plaintiff fails to allege that but-for Alaska obtaining a portion of the trip insurance proceeds, she would have been able to secure trip insurance at a lower rate.

In *Roman*, the court converted the motion to dismiss into a motion for summary judgment regarding plaintiffs' Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and held that the claim was preempted by the Airline Deregulation Act, 49 U.S.C. § 41713 ("ADA"). Plaintiffs' FDUPTA claim was premised on their allegations that the "Shortcut Security" program offered by defendant Spirit Airlines was illusory. The court reasoned that the Shortcut Security program, which provided Spirit with "ancillary revenues," had a "significant effect" on Spirit's ticket prices. *Roman* Order 6-7. The court also concluded that even if the service did not impact Spirit's prices, the Shortcut Security program nevertheless qualified as a "service" under the ADA. *Id.* at 9. Rejecting plaintiffs' arguments to the contrary, the court held that "Shortcut Security is a bargained-for exchange between an air carrier and its consumers that fits within the limited range of services over which airlines compete." *Id.* at 11.

The *Roman* Order is relevant to Alaska's arguments in Section IV.A of its motion to dismiss. Similar to the service at issue in *Roman*, here, Plaintiff has alleged that Alaska receives ancillary revenue by offering travel insurance on its website through a third-party provider. See Complaint ("Compl.") ¶¶ 7, 18. Moreover, the *Roman* Order further supports Alaska's argument that travel insurance is a service under the ADA. There is no question that airlines offer nearly identical service on their websites (*see e.g.*, *Donoff v. Delta*, Case No. 18-cv-81258 DMM) and therefore are in direct competition regarding travel insurance.

The foregoing thus provides further reasons why Plaintiff's Complaint should be dismissed.

Dated: January 29, 2020   WINSTON & STRAWN LLP

By: *s/ Gayle I. Jenkins*
Gayle I. Jenkins
Attorneys for Defendant
Alaska Airlines, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

Dated: January 29, 2020   */s/ Gayle Jenkins*
Gayle Jenkins